IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01257-REB-MEH

MARLENE MARTINEZ,

Plaintiff,

v.

ALBERTSONS,
ANDY (last name unknown),
NORMA TRUILLIO,

Defendants.

RECOMMENDATION FOR DISMISSAL OF DEFENDANT TRUILLIO

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).

**BACKGROUND**

This lawsuit was filed on July 8, 2005, with the Plaintiff being allowed to proceed *in forma pauperis*. Following the filing of an Amended Complaint on August 19, 2005, the Court directed service of process by the office of the United States Marshals Service. On November 7, 2005, the Marshals Service filed its returns of service, indicating completion of service with regard to Defendants Albertsons and Andy (last name unknown). On December 14, 2005, the Marshals Service filed another return of service, indicating that service could not be accomplished on Defendant Norma Truillio because she could not be located.

On January 25, 2006, this Court issued an Order to Show Cause to the Plaintiff, advising her that she must supply the Court with information concerning an address for Defendant Norma Truillio on or before February 15, 2006. To date, the Plaintiff has not supplied any information in this regard to the Court, nor has she requested an extension of time in which to do so.

## **DISCUSSION**

Despite Plaintiff's *in forma pauperis* status, she must supply the information necessary to identify the defendants to be served. *See generally Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 483-84 (1995); *Self v. Fresenius Medical Care*, 84 Fed. Appx. 54, 56 (10th Cir. Dec. 18, 2003). It is neither the role nor the responsibility of the Court, or the U.S. Marshals Service, to investigate the whereabouts or to locate parties to a lawsuit. To do so would improperly place a court in the role of a plaintiff's advocate. *Cf. Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (the court should not assume the role of advocate for a pro se litigant). Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence.

The Court may dismiss a claim or claims against a defendant based on the failure of a plaintiff to prosecute or otherwise comply with the rules of procedure or an order of the Court. See FED.R.CIV.P. 41(b). Plaintiff has failed to supply the Court with the information necessary to effect service upon Defendant Norma Truillio, as directed by the Order To Show Cause. Therefore, dismissal of Defendant Truillio from this action is warranted, and this Court so recommends.

The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this

case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** that all of Plaintiff's claims in this action made against Defendant Norma Truillio be dismissed without prejudice.

Dated at Denver, Colorado, this 22nd day of February, 2006.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge