IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01257-REB-MEH

MARLENE MARTINEZ,

    Plaintiff,

    v.

ALBERTSONS,
ANDY (last name unknown),
NORMA TRUILLIO,

    Defendants.

RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b).

## BACKGROUND

This lawsuit was filed on July 8, 2005, with the Plaintiff being allowed to proceed *in forma pauperis* (Docket #2). Following the filing of an Amended Complaint on August 19, 2005, the Court directed service of process by the office of the United States Marshals Service (Dockets #5 and 10). Pursuant to the standard operating procedure of this Court, on August 31, 2005, this matter was set for a Rule 16(b) Scheduling/Planning Conference to be held on December 7, 2005 (Docket #9). In the order setting the Conference, the Plaintiff was informed that it was her responsibility to notify all parties who had not entered an appearance of the date and time of the conference.

On November 7, 2005, the Marshals Service filed its returns of service, indicating completion of service with regard to Defendants Albertsons and Andy (last name unknown) (Dockets #12 and #13).[1]  By motion, filed on November 23, 2005, the Plaintiff requested a continuance of the Scheduling/Planning Conference to allow her time to seek and retain counsel (Docket #14).  The request was granted, and the conference rescheduled to February 22, 2006 (Docket #16).

No appearance, answer, or other response to the lawsuit having been filed by the Defendants Albertsons and Andy (last name unknown), and no action having been taken by the Plaintiff in this regard, on January 25, 2006, this Court issued an Order to Show Cause to the Plaintiff directing her to file appropriate motions for default judgment or to otherwise demonstrate cause for her failure to prosecute her claims against these two defendants.  To date, the Plaintiff has not supplied any information in this regard to the Court, nor has she requested an extension of time in which to do so.  Additionally, on February 22, 2006, at 9:06 a.m., the Scheduling/Planning Conference was called on the record.  No parties were present.  The Court recessed until 9:30 a.m. to allow for any late arrival in this regard, but when the matter was re-called, none of the parties were present.  The record demonstrates that no request for continuance of the matter had been made, nor has there been any apparent attempt to contact the Court whatsoever.

## **DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence.  The Federal Rules of Civil Procedure

---

[1] A separate Recommendation in this action was filed on February 22, 2006, with regard to Defendant Truillio, based upon the Plaintiff's failure to provide the Court with information concerning an address for Ms. Truillio at which service of process could be attempted (Docket #20).

2

give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *See id*. Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *See id*. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id*. Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *See Jones*, 996 F.2d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59(10th Cir. 1990)).

Plaintiff has failed to prosecute this case with due diligence, or to show cause as to why she cannot, as directed by the Order to Show Cause. Additionally, Plaintiff failed to appear for the February 22, 2006, Scheduling/Planning Conference (which had been reset at her request) or to request an additional continuance of the Conference if she was unable to appear. In short, it appears that Plaintiff has lost interest in this case, lost touch with the Court, or both. Therefore, dismissal of this action against Defendants Albertsons and Andy (last name unknown) is warranted, and this Court so recommends.

The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those

findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de</u> <u>novo</u> determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** that all of Plaintiff's claims in this action made against Defendant Albertsons and Andy (last name unknown) be dismissed without prejudice.

Dated at Denver, Colorado, this 24th day of February, 2006.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge